**United States District Court**
For the Northern District of California

1
2
3                    UNITED STATES DISTRICT COURT
4                    NORTHERN DISTRICT OF CALIFORNIA
5
6
7    MELVIN LEE MORRIS, SR.,
8                    Petitioner,              No. C 08-1579 PJH (PR)
9       vs.                                   **ORDER DISMISSING**
                                              **PETITION WITH LEAVE TO**
10   MATTHEW KRAMER, Warden,                  **AMEND**
11                    Respondent.
                                         /
12
13          Petitioner, a California prisoner currently incarcerated at Folsom State Prison, has
14   filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has
15   paid the filing fee.
16          Venue is proper because the conviction was obtained in Alameda County, which is
17   in this district.  *See* 28 U.S.C. § 2241(d).
18                                   **BACKGROUND**
19          Petitioner was found guilty of violating his probation.  He was sentenced to prison for
20   ten years.  He contends that he raised these claims on appeal or in state habeas petitions.
21                                   **DISCUSSION**
22   **A.  Standard of Review**
23          This court may entertain a petition for a writ of habeas corpus "in behalf of a person
24   in custody pursuant to the judgment of a State court only on the ground that he is in
25   custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §
26   2254(a).  It shall "award the writ or issue an order directing the respondent to show cause
27   why the writ should not be granted, unless it appears from the application that the applicant
28   or person detained is not entitled thereto."  *Id.* § 2243.

United States District Court
For the Northern District of California

1    Habeas corpus petitions must meet heightened pleading requirements. *McFarland*

2  *v. Scott*, 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed

3  by a prisoner who is in state custody pursuant to a judgment of a state court must "specify

4  all the grounds for relief which are available to the petitioner ... and shall set forth in

5  summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of the

6  Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient,

7  for the petition is expected to state facts that point to a 'real possibility of constitutional

8  error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st

9  Cir. 1970) (hereinafter "Rule 4 notes").   "Habeas petitions which appear on their face to be

10  legally insufficient are subject to summary dismissal."  *Calderon v. United States Dist. Court*

11  *(Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

12  **B.  Legal Claims**

13    In his first issue petitioner contends that his counsel was ineffective.  In the section

14  for "[s]upporting [f]acts" he has written (capitalization has been corrected): "Trial attorney

15  did not investigate court claim of petitioner waiving time credits that extended probation, or

16  challeng[e] courts['] failure to hold revocation hearing in due process.  Further counsel did

17  not argue violation or offer contrary evidence."  This simply is not sufficient explanation of

18  the claim to point to a real possibility of constitutional error.  It is not possible from this to

19  understand the point about waiving time credits, and the reference holding "revocation

20  hearing in due process" makes no sense.  This claim will be dismissed with leave to amend

21  to provide a more extensive factual basis for the claim.

22    In his second issue petitioner asserts that the revocation procedure violated his due

23  process rights.  In the "[s]upporting [f]acts" section for this claim he has written

24  (capitalization again has been corrected): "Trial court failed to advise petitioner of his right

25  to a formal hearing – there was no notice of claimed violation & evidence – petition to

26  revoke probation allege[d] one ground but probation revoked on another ground."  That is,

27  there are three grounds here, (1) that the court did not advise him of his right to a formal

28  hearing; (2) that he received no notice of the claimed violation or (presumably) the

2

1   evidence to support it; and (3) that probation was revoked on a ground other than the one

2   alleged in the petition to revoke.

3        These allegations are insufficiently clear to show a real possibility of constitutional

4   error. *See* Rule 4 notes (standard).  Although the first two issues appear to be among

5   those presented on direct appeal, the court of appeal also had trouble sorting out what

6   petitioner was trying to claim.   *See People v. Morris*, 2007 WL 2171467, *2-3 (Cal. App.

7   July 30, 2007).  As to the first claim, petitioner received a formal revocation hearing

8   simultaneously with the trial, so it is unclear why it would matter whether he had been

9   advised of a right to a formal hearing, and the second claim seems to be contradicted by

10  the third – in the second he complains of not receiving notice, but in the third he says that

11  there was a petition to revoke.  And in the third issue he does not say what the basis was

12  for the revocation or what basis was alleged in the petition to revoke, so the purported

13  inconsistency is not explained.  To show a real possibility of constitutional error petitioner

14  must do better than this; the second ground (containing the three issues listed in the

15  paragraph immediately above) also will be dismissed with leave to amend.  If petitioner

16  does not make clear what his claim is and provide clear factual allegations sufficient to

17  show a real possibility of constructional error, this claim will be dismissed without further

18  leave to amend.

19                                  **CONCLUSION**

20       For the foregoing reasons,

21       1.  The petition is **DISMISSED** with leave to amend within thirty days from the date

22  of this order.  The amendment must be on the court's form for prisoner section 2254

23  petitions and must include the caption and civil case number used in this order and the

24  words AMENDED PETITION on the first page.  Petitioner may use extra pages for the

25  "Statement of Claim" section if necessary to clarify his contentions.  Failure to amend within

26  the designated time will result in the dismissal of these claims.

27       2.  Petitioner must keep the court informed of any change of address and must

28  comply with the court's orders in a timely fashion.  Failure to do so may result in the

United States District Court
For the Northern District of California

1   dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure

2   41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable

3   in habeas cases).

4          **IT IS SO ORDERED.**

5   Dated:  October 23, 2008.

6                                              PHYLLIS J. HAMILTON
                                               United States District Judge

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28