UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MELVIN LEE MORRIS, SR.,

        Petitioner,                              No. C 08-1579 PJH (PR)

  vs.                                              **ORDER TO SHOW CAUSE**

MATTHEW KRAMER, Warden,

        Respondent.
_____/

      This is a habeas case filed pro se by a state prisoner. The petition was dismissed on initial review with leave to amend because it was not possible to determine what petitioner meant by his claims. He has amended.

      As grounds for habeas relief, petitioner contends that (1) his lawyer was ineffective in failing to investigate and present the facts supporting petitioner's argument that he was not on probation when picked up; and (2) his due process rights were violated when the prosecution filed a fraudulent petition to revoke probation, knowing that the probation period had expired, which resulted in his being denied bail.

      Petitioner's first issue is sufficient to require a response. To the extent the second issue is a claim that bail was denied in violation of the Eighth Amendment, it is not cognizable because the Bail Clause is not applicable to the states. *See Galen v. County of Los Angeles*, 477 F.3d 652, 659 (9th Cir. 2007) (§ 1983 case). And to the extent it is a due process claim, it is not cognizable because there is no due process right not to be proceeded against on the basis of an erroneous or false initiating document. The second issue will be dismissed.

///

**CONCLUSION**

1. Claim two is **DISMISSED**.

2. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: December   15  , 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\MORRIS1579.OSC.wpd