United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MELVIN LEE MORRIS, SR.,

    Petitioner,

vs.

MATTHEW KRAMER, Warden,

    Respondent.
_____/

No. C 08-1579 PJH (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set out below, the petition is denied.

**BACKGROUND**

The following is taken from the opinion of the California Court of Appeal on petitioner's direct appeal from revocation of his probation:

> In the year 2000, Morris entered a negotiated plea of no contest to the offense of transporting a controlled substance (Health & Saf.Code, § 11352, subd. (a)) and admitted two prior convictions. The trial court suspended imposition of sentence and placed him on five years' probation with, inter alia, the standard obey-all-laws condition.
>
> On October 1, 2004, a complaint and petition to revoke probation were filed, alleging the commission of six new offenses on September 29. [FN1. The documents are file-stamped September 1, but dated October 1, which would appear to be the correct date, given that they allege offenses committed on September 29.] At the preliminary hearing, the trial court announced that Morris's probation revocation hearing would "go on the same date" as the trial. Three of the six counts were dismissed during trial. A jury found Morris guilty of unlawful use of a license ( Veh.Code, § 14610, subd. (a)(1)) and not guilty on the two remaining counts.

> After excusing the jurors, the trial court announced "further proceedings on the probation violation petition." When asked if, in regard to that matter, there was "[a]nything further from the defense," counsel replied that he was "assuming" the trial court was going to find Morris in violation. After discussion about a sentencing date, the trial court asked, "Was there anything further in terms of evidence or argument on the probation violation?" to which defense counsel answered, "No."
>
> The trial court then stated that the probation violation hearing was held at the same time as the jury trial. It found that Morris had violated the Vehicle Code, as found by the jury. It further found, by a preponderance of the evidence (*People v. Rodriguez* (1990) 51 Cal.3d 437, 442), that he violated Penal Code sections 530 .5, subdivision (d) (fraudulent possession of personal information) as alleged in count 5, of which the jury found him not guilty, and 12021, subdivision (a)(1) (possession of firearm by felon-priors) as alleged in dismissed count 1. Finally, the court found Morris in violation of a probation condition imposed after a previous revocation petition that he not possess anyone else's identification. Probation was revoked, and Morris was sentenced to 10 years in prison. Morris filed a timely notice of appeal.

*People v. Morris*, 2007 WL 2171467, *1 (Cal. App. 2007).

The revocation of petitioner's probation was affirmed by the court of appeal and the supreme court denied review. Petitioner also has filed state habeas petitions, all of which were denied.

In its initial review order, this court dismissed the petition with leave to amend, saying that it was not possible to determine what issues petitioner wished to raise. Petitioner amended. The court, reviewing the amended petition, dismissed his second issue, having to do with bail, and issued an order to show cause on his claim that his lawyer was ineffective in failing to investigate and present the facts supporting petitioner's argument that he was not on probation when picked up.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to

mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322 at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

## DISCUSSION

Petitioner contends that his counsel should have investigated his claim that he was not on probation when he was arrested, and should have made that argument to the court.

### I. Standard

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the

3

Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Id.* at 687-88. Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

It is unnecessary for a federal court considering a habeas ineffective assistance claim to address the prejudice prong of the *Strickland* test if the petitioner cannot even establish incompetence under the first prong. *Siripongs v. Calderon*, 133 F.3d 732, 737 (9th Cir. 1998). Similarly, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as the result of the alleged deficiencies. *Strickland*, 466 U.S. at 697.

**II.    Analysis**

Petitioner's claim that his counsel was ineffective as to the probation revocation is based on his contention that when he was placed on probation in 2000, the term was five years, with 297 days credit for time he had spent in jail prior to sentencing, not five years *plus* the 297 days he had spent in jail. If is was the former, the term of probation had expired before it was revoked; if the latter, he was still on probation when it was revoked.

Respondent contends that the 297 day term was a condition of probation, a condition that the court found satisfied by time served at the time of sentencing, and thus did not reduce the number of days to be served on probation.

The evidence is conflicting. The sentence imposed on March 3, 2000, pursuant to a plea bargain is the source of the probation at issue. Pet., Ex. 2. It is recorded in a minute order. The relevant portion of the order reads:

> The Court having read and considered the report of the Probation Officer: Imposition of sentence is suspended for a period of **Five (5) years** during

4

1   which time the defendant is placed under the care, custody and control of the
2   Probation Officer of Alameda County, subject to the following terms and conditions, to-wit:  Defendant shall:

3   [checkmarked box]  Serve the first **297 days** of said probationary period in the Alameda County Jail with credit for time served: **297** Total days
4   ([checkmarked box] actual **198** days + GT/WT **99** days; [checkmarked box] including GT/WT); and upon release therefrom;
5   [checkmarked box]  Report forthwith to the Probation Officer .....

6   *Id.* (emphasis in original).

7   At sentencing, the court said this in regard to the time petitioner had served in jail:

8   THE COURT:        Imposition of sentence is suspended for five years. . . .

9   THE COURT:        . . . you're subject to the standard conditions of probation
             . . . .
10           In addition to that, you're to serve 297 days in the Alameda County Jail.
11           You get credit for 198 actual, plus 99, for a total of 297 days. I just gave you time served. . . .
12
    Those are the conditions.
13

14  Pet'r Ex. 6 (exhibits filed in support of traverse).

15       Respondent contends that petitioner's interpretation of the minute order – that he
16  was being given credit for 297 days that should be deducted from his five-year probation –
17  is "strained," and that the sentence actually was a five-year period of probation, with a
18  condition of probation that he serve an *additional* 297 days in jail, with credit of 297 days
19  time served.  Resp't P. & A. 7.  The minute order, however, says that the 297 days are "of
20  said probationary period," and the words "probationary period" seem to refer back to the
21  five years' probation imposed above the reference to the 297 day jail term.  On the other
22  hand, the quotation above from the sentencing hearing clearly shows that the court
23  imposed a 297-day jail sentence that is *additional* to the five years of probation; that is, the
24  courts used the words "in addition to that," after imposing five years of probation and before
25  saying that petitioner was required to serve 297 days in jail.

26       A lawyer need not file a motion that he or she knows to be meritless on the facts and
27  the law.  Trial counsel cannot have been ineffective for failing to raise a meritless motion.
28  *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005);  *Rupe v. Wood*, 93 F.3d 1434, 1445

(9th Cir. 1996); *see, e.g., Hebner v. McGrath*, 543 F.3d 1133, 1137 (9th Cir. 2008) (finding counsel's failure to object to admission of defendant's prior sexual misconduct as propensity evidence not ineffective where evidence would have been admitted in any event to show common plan or intent); *Lowry v. Lewis*, 21 F.3d at 346 (failure to file suppression motion not ineffective assistance where counsel investigated filing motion and no reasonable possibility evidence would have been suppressed). *See also Wilson v. Henry*, 185 F.3d 986, 990 (9th Cir. 1999) (to show prejudice under *Strickland* from failure to file a motion, petitioner must show that (1) had his counsel filed the motion, it is reasonable that the trial court would have granted it as meritorious, and (2) had the motion been granted, it is reasonable that there would have been an outcome more favorable to him).

Under California law, an oral sentencing pronouncement by the judge controls over the ministerial record of the minutes. *See People v. Zackery*, 147 Cal. App. 4th 380, 385 (2007) ("Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls."); *People v. Wilshire Insurance Co.*, 67 Cal. App. 3d 521, 532-33 (1977). The consequence is that if petitioner's counsel had made the argument petitioner claims he should have, that petitioner was not still on probation when he committed the violation, that objection or motion would have been denied, because the oral pronouncement, which made the 297 days *additional* to the five-years probation, is controlling.

Counsel was not ineffective, so the rejections of the claim by the state appellate courts were not contrary to, or an unreasonable application of, clearly-established United States Supreme Court authority.

**III.    Appealability**

The federal rules governing habeas cases brought by state prisoners have recently been amended to require a district court that denies a habeas petition to grant or deny a certificate of appealability in the ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

A petitioner may not appeal a final order in a federal habeas corpus proceeding

without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).

Because California law is clear that petitioner's counsel would not have succeeded had he raised the issue petitioner says he should have, this was not a close case. For the reasons set out above, jurists of reason would not find the result debatable or wrong. A certificate of appealability will be denied. Petitioner is advised that he may not appeal the denial of a COA, but he may ask the court of appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. *See* Rule 11(a), Rules Governing § 2254 Cases.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. A Certificate of Appealability also is **DENIED**. *See* Rule 11(a) of the Rules Governing Section 2254 Cases (eff. Dec. 1, 2009).

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 16, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.08\MORRIS1579.RUL.wpd